UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JANE DOE,

      Plaintiff,

      v.                                      Case No. C-1-08-255

WILLIAM C. SIMPSON,

      Defendant.

**ORDER**

This matter is before the Court upon Defendant William Simpson's Motion to Dismiss pursuant to Fed. R. Civ. P 12(b)(6) (doc. 24). Plaintiff Jane Doe opposes the motion (doc. 25). Defendant has filed a reply in support of his motion (doc. 26).

**I. Allegations of The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 seeking compensatory and punitive damages for violation of her rights under the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff alleges the following facts in her complaint: At all times relevant to the complaint, Doe was an adult living in Cincinnati, Ohio, and Simpson was a City of Cincinnati police officer who had been employed in that capacity for 17 years. On or about October 3, 2006, Doe was attacked in her apartment by an adult male. She called the Cincinnati police to report the crime and for assistance. Simpson, who was assigned to District Four of the Cincinnati Police Division on that date and who was on duty and in uniform, was dispatched to respond to Doe's call. Simpson told Doe that he would not file a complaint on her behalf related to the assault unless she

accompanied him to the Hamilton County Justice Center to file charges against her assailant. When she agreed to do so, Simpson ordered her into the back of the police cruiser and drove her to the Justice Center. After the paperwork had been completed, Simpson ordered her back into the cruiser and drove her back to her apartment.

On the return trip, Simpson told Doe that he would need to photograph her injuries to preserve evidence for use in the prosecution of her case. At her apartment, Simpson reiterated the need to photograph her injuries. Under the pretense of taking pictures, Simpson forced Doe to disrobe and he sexually assaulted and raped her "under fear of violence and intimidation due to his position as a police officer."

On February 22, 2008, Simpson pled guilty to two counts of sexual battery as a result of his sexual assault and rape of plaintiff. He was sentenced to 180-days imprisonment and five years of probation, he was ordered to undergo sex offender treatment, and he was ordered to register as a sex offender for the rest of his life.

## II. Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint. The first step in testing the sufficiency of the complaint is to identify any conclusory allegations. ***Ashcroft v. Iqbal***, __ U.S. __, 129 S.Ct. 1937, 1950 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 1949 (citing ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544, 555 (2007)). "[A] plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations and quotation marks omitted). Although the court must accept well-pleaded factual allegations of the

complaint as true for purposes of a motion to dismiss, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*.

After assuming the veracity of all well-pleaded factual allegations, the second step is for the court to determine whether the complaint pleads "a claim to relief that is plausible on its face." ***Iqbal***, 129 S.Ct. at 1949, 1950 (citing ***Twombly***, 550 U.S. at 556, 570) (rejecting the traditional 12(b)(6) standard set forth in ***Conley v. Gibson***, 355 U.S. 41, 45-46 (1957)). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949 (citing ***Twombly***, 550 U.S. at 556).

### III. Arguments of the Parties

Defendant claims that Plaintiff has failed to satisfy the elements of a § 1983 claim because nowhere in the complaint does she allege whether Defendant was acting under color of any "state law, ordinances, regulations, customs [or] usages" when he allegedly sexually assaulted her. Defendant further contends that Plaintiff fails to cite a "particular policy, practice or regulation" under which he was acting at the time of the alleged offense. Additionally, Defendant argues that punitive damages are inappropriate because (1) Plaintiff fails to assert any physical injury or pecuniary loss, and (2) she omits to specify the amount she seeks as purportedly required under the plain language of Fed. R. Civ. P. 8(a) and (c) and 54(c).

Plaintiff asserts that Defendant acted under color of law when he abused the position given to him by the State so that both elements of a § 1983 claim are satisfied. Additionally, Plaintiff avers that she clearly claims a physical injury as the complaint states that Defendant was convicted of sexual battery against her. She contends that failure to state a specific amount of damages is no bar to bringing a § 1983 claim.

Defendant argues in reply that there is no nexus between his position as a police officer and Plaintiff's entry into his automobile because Plaintiff does not assert he used "any gun or handcuffs issued to him by a law enforcement agency." Defendant also argues that there is nothing to show he was furthering his duties as a police officer when he transported Plaintiff home because the ride could have happened regardless of whether or not he was an officer as it "was in the ambit of a mutual, personal pursuit by both parties." Defendant states that the pivotal factor is not that he was in uniform or that Plaintiff knew he was a police officer, but instead the critical factor is that he did not assert his authority as a police officer when driving Plaintiff back to her apartment.

## IV. Discussion

### A. § 1983 Claim

To establish a § 1983 claim, a plaintiff must prove that (1) a person acting under color of state law (2) deprived the plaintiff of a right secured by the Constitution or laws of the United States. *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). A defendant acts under color of state law when he exercises power "possessed by virtue of state law and made possible only because [he] is clothed with the authority of state law." *West*, 487 U.S. at 49. The United States Supreme Court has explained that,

> [S]tate employment is generally sufficient to render the defendant a state actor . . . [A] defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by the State. Thus, generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law.

*Id*. at 50 (internal quotations and citation omitted).

Accepting the factual allegations in the complaint as true, it is clear that Defendant was acting under color of state law at all times pertinent to the complaint. Defendant was an on-duty

and uniformed police officer of the City of Cincinnati, he had been dispatched to respond to Plaintiff's call, and he used his position to order Plaintiff to return to her apartment with him in his police cruiser and to disrobe under the pretense that he needed to take pictures to preserve evidence for the assault investigation. Therefore, the first element of a § 1983 cause of action is supported by the factual allegations of the complaint. Plaintiff's allegation that Defendant sexually assaulted her is sufficient to establish a violation of Plaintiff's constitutional rights and to satisfy the second element of a § 1983 claim.

## B. Punitive Damages Claim

Plaintiff has adequately pled a claim for punitive damages. A claimant can recover punitive damages under § 1983 if she can show that the defendant's conduct was "grossly negligent, intentional or malicious." *Hill v. Marshall*, 962 F.2d 1209, 1217 (6th Cir. 1992). The sexual assault alleged by Plaintiff is indisputably an intentional, malicious act. Moreover, neither Fed. R. Civ. P. 8 nor Fed. R. Civ. P. 54 requires Plaintiff to specify the amount of punitive damages she seeks in order to proceed with her claim. The punitive damages claim therefore is not subject to dismissal under Rule 12(b)(6).

## V. Conclusion

In accordance with the foregoing, Defendant's Motion to Dismiss is **DENIED**. This case shall proceed in accordance with the schedule established by the Court.

**IT IS SO ORDERED.**

<u>S/ Herman J. Weber</u>
HERMAN J. WEBER, SENIOR JUDGE
 UNITED STATES DISTRICT COURT